# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DOMINIQUE MCELVENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:13-CV-771 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Dominique McElvene, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In MCF #13-04-0146, a hearing officer found McElvene guilty of engaging in sexual conduct, and as a result he received a credit-class demotion, among other sanctions. (DE 6-3 at 1.) The charge was initiated on April 9, 2013, when Correctional Officer Fierstos (first name unknown) wrote a conduct report stating as follows:

> On the above date and approx. time OFD Dominque Mcelven [sic] #212589 was touching his penis in a sexual way as I c/o Fierstos was doing a range check. OFD Mcelven [sic] made no attempt to stop or cover up. This is becoming an uncomfortable situation as this is not the first time. He appears to only engage in this behavior while I c/o Fierstos is [sic] on the range doing checks.

(DE 6-1.)

On April 15, 2013, McElvene was formally notified of the charge and given a copy of the conduct report. (DE 6-1; DE 6-2.) He pled not guilty, declined the assistance of a lay advocate, and waived the 24-hour notice requirement. (DE 6-2.) He did not request any physical evidence, and requested a witness statement from a fellow inmate, Wandan Richardson. (*Id.*)

On April 18, 2013, a hearing was conducted on the charge. (DE 6-3 at 1.) The following statement was taken from Richardson by the hearing officer:

> This conduct report is clearly a <u>MISTAKE</u>. I can see why one can easily take this situation as an act of being inappropriate. First off there are [sic] no way to know if an officer are [sic] beginning there walk threw [sic]. There are no announcements being said and would be helpful if they would say 'walking threw' [sic]. Secondly as men while using the restroom we <u>all</u> shake our penus [sic] a few times or more to remove the urine drops and to make sure there's nothing left. If a person were walking by and not really be [conscious] of what they are seeing they can mistake us as being inappropriate when in all reality we are just doing our manly duties.

(DE 6-3 at 2.) McElvene made the following statement in his own defense: "I can see how she would misinterpret when she walked past I was shaking it. I would not try this because I am in a program. I did not notice her walking by." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied. (DE 6-4; DE 6-5.) Thereafter, he filed the present petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The petition is not a model of clarity, but claims one and three can be read to challenge the sufficiency of the evidence. (DE 1 at 2-3.) In essence, McElvene argues that the evidence was insufficient because he was not touching himself in a sexual way, and there was another plausible explanation for what the officer saw. In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire

record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, circumstantial evidence can be sufficient to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence in the record to support the guilty finding. The female officer reported that as she was doing her rounds, she saw McElvene with his penis exposed touching himself in a sexual manner. She further reported that he made no effort to cover himself up when she walked by, and that he had engaged in this type of conduct before in her presence. Both McElvene and his witness confirmed that when the officer walked by, McElvene's penis was exposed and he was touching it. He offers an alternative explanation for why he was touching himself, but to be constitutionally adequate, the evidence need not point to only one logical conclusion. Rather, the question is solely whether there is some evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457. That standard is satisfied here. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence);

*McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). Accordingly, this claim is denied.

In his remaining two claims, McElvene asserts that he was denied evidence. (DE 1 at 2-3.) A prisoner has a limited right to present witnesses and evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, McElvene signed the screening notice indicating that he wished to call one witness, Richardson. (DE 6-2.) This statement was obtained at the hearing by the hearing officer, who signed it as a witness. (DE 6-3 at 2.) Thus, there is no evidence this statement was excluded as McElvene suggests. McElvene may be arguing that the hearing officer did not give this statement proper consideration because she failed to credit it in reaching her decision. However, the hearing officer was not required to credit McElvene's evidence; instead, it was her job to weigh the relative credibility of the evidence. *See McPherson*, 188 F.3d at 786. To that end, it is apparent that she chose to credit the statement of the officer that McElvene was touching his

4

penis in a sexual manner, not an innocent one. Indeed, Richardson's statement confirmed the officer's account that McElvene was touching his exposed penis when the officer walked by. Although Richardson suggested that McElvene was likely just performing his "manly duties," he readily acknowledged that what the officer saw could have been interpreted as inappropriate sexual conduct. (DE 6-3 at 2.) McElvene has not demonstrated a due process error in connection with this statement.

Finally, McElvene appears to argue that certain Indiana Department of Correction ("IDOC") policies were not followed in his case. (DE 1 at 2-3.) However, even if he is correct, a violation of IDOC rules would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of federal law); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

For these reasons, the petition (DE 1) is **DENIED**.

**SO ORDERED** on April 3, 2014.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division